UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
KATHLEEN MULLINIX

                                  Plaintiff,

    -against-

MOUNT SINAI SCHOOL OF MEDICINE,

                                  Defendant.

No. 12 Civ. 8659 (PKC)

------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR PARTIAL RECONSIDERATION AND
<u>REARGUMENT OF THE COURT'S JULY 24, 2014 ORDER</u>**

## TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ............................................................................................................................1

ARGUMENT ..................................................................................................................................2

    THE COURT SHOULD RECONSIDER ITS ORDER DENYING
    DISMISSAL OF MULLINIX'S BREACH OF CONTRACT CLAIM ................................2

CONCLUSION ...............................................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bender v. Excel Energy, Inc.*,
   507 F.3d 1161 (8th Cir. 2007) ...................................................................................3, 4

*Cable Sci. Corp. v. Rochdale Vill., Inc.*,
   920 F.2d 147 (2d Cir. 1990) ..............................................................................................4

*Cloke-Browne v. Bank of Tokyo-Mitsubishi UFJ Ltd.*,
   No. 10 Civ. 2249, 2011 U.S. Dist. LEXIS 14116 (S.D.N.Y. Feb. 9, 2011) ...............................3

*Kaul v. Hanover Direct, Inc.*,
   148 F. App'x 7 (2d Cir. 2005) ..........................................................................................3

*Olorode v. Streamingedge Inc.*,
   No. 11 Civ. 6934, 2014 U.S. Dist. LEXIS 59421 (S.D.N.Y. Apr. 29, 2014) ...........................3

*Shrader v. CSX Transp., Inc.*,
   70 F.3d 255 (2d Cir. 1995) ................................................................................................2

**STATUTES**

N.Y. Contract Law § 11:5 ........................................................................................................4

**PRELIMINARY STATEMENT**

Defendant Ichan School of Medicine at Mount Sinai ("Mount Sinai") seeks reconsideration of this Court's July 24, 2014 Memorandum and Order (the "Order") insofar as the Court failed to consider the alternative grounds for dismissal of Plaintiff Kathleen Mullinix's ("Mullinix") breach of contract claim – that Mullinix indisputably failed to abide by the condition precedent in her contract of executing a release.  Accordingly, Mount Sinai requests that the Court reconsider its Order and dismiss Mullinix's breach of contract claim.

**BACKGROUND**

Mullinix's Complaint alleges that "[p]ursuant to the terms of Mullinix's employment contract with Mount Sinai, in the event Mount Sinai removed Mullinix from her position as Director without cause during the term of her contract, it was obligated to pay her six months' of total compensation and continue her health benefits for a six month period."  (Complaint ¶ 55). Mullinix's contract provided that "as a condition of receiving [severance benefits], you shall execute and agree to be bound by a waiver and general release of any and all claims . . . arising out of or relating to your employment with Mount Sinai and termination thereof in such form as may be required by Mount Sinai." (*See* SJ Moving Br. at 23-24.).[1]

Mount Sinai moved for summary judgment dismissing all of Mullinix's claims.  With respect to the breach of contract claim, Mount Sinai made two arguments: (i) Mount Sinai did not remove Mullinix from her position before the end of the contract term; and (ii) Mullinix did not satisfy the condition of providing a release and therefore was not entitled to severance.

---

[1] Mount Sinai's memorandum of law in support of its motion for summary judgment dated December 20, 2013, Dkt. No. 22, is hereinafter referred to as "SJ Moving Br."  Mount Sinai's memorandum of law in further support of its motion for summary judgment dated March 14, 2014, Dkt. No. 51, is hereinafter referred to as "SJ Reply Br."

By Order dated July 24, 2014, the Court, *inter alia*, declined to dismiss Mullinix's breach of contract claim, ruling that "[w]ithout reviewing Mullinix's job description, the Court is unable to determine whether removal of Mullinix's duties as director was a material change to her duties, such that it would constitute a breach of the agreement." (Order at 34). However, the Court did not address Mount Sinai's alternative argument that, because Mullinix did not execute a release, she was not entitled to receive severance benefits and the failure to pay severance was not actionable.

## ARGUMENT

Courts will grant motions for reconsideration where "the moving party can point to controlling decisions or data that the court overlooked matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). As shown below, Mount Sinai's motion for reconsideration is well-founded because the Court overlooked a dispositive defense to Mullinix's breach of contract claim.

### THE COURT SHOULD RECONSIDER ITS ORDER DENYING DISMISSAL OF MULLINIX'S BREACH OF CONTRACT CLAIM

In declining to dismiss Mullinix's breach of contract claim, the Court overlooked the undisputed fact that Mullinix failed to meet an express condition precedent under the terms of her contract by not signing the release agreement that Mount Sinai tendered. Even if Mount Sinai materially changed Mullinix's duties, Mount Sinai was not contractually obligated to pay Mullinix severance unless she signed the release that Mount Sinai tendered. Because Mullinix did not satisfy this condition, Mount Sinai was not in breach of any obligation when it decided not to pay Mullinix severance. The Court should therefore grant Mount Sinai's motion for reconsideration.

Indeed, where, as here, a former employee failed to execute a release and thus failed to satisfy a condition precedent to receive severance, courts have routinely dismissed breach of contract claims. *See, e.g.*, *Kaul v. Hanover Direct, Inc.*, 148 F. App'x 7, 9 (2d Cir. 2005) ("Kaul forfeited his right to the severance package by failing to execute a general release in favor of HDR as required, as a condition precedent to receiving severance benefits, by his employment agreement."); *Cloke-Browne v. Bank of Tokyo-Mitsubishi UFJ Ltd.*, No. 10 Civ. 2249, 2011 U.S. Dist. LEXIS 14116, at *9 (S.D.N.Y. Feb. 9, 2011) (dismissing employee's breach of contract claim for severance benefits "because he has not alleged that he performed the condition precedent that would obligate [his employer] to tender the disputed payments to him"); *Olorode v. Streamingedge Inc.*, No. 11 Civ. 6934, 2014 U.S. Dist. LEXIS 59421, at *86 (S.D.N.Y. Apr. 29, 2014) (granting the employer's motion for summary judgment on employee's breach of contract claim because the employee "was required to execute a general release as a condition precedent to receiving termination benefits, and it is undisputed that he failed to do so").

As explained in Mount Sinai's reply brief on its motion for summary judgment, Mullinix's attempt to evade her obligation to sign the release agreement that Mount Sinai tendered because it contained various restrictive covenants is unavailing. In fact, in *Bender v. Excel Energy, Inc.*, 507 F.3d 1161, 1170-71 (8th Cir. 2007), the Eighth Circuit rejected the exact argument advanced by Mullinix in opposition to Mount Sinai's motion for summary judgment. In *Bender*, the plaintiffs' receipt of severance benefits was also conditioned on their execution of a "release in a form to be provided by the Company." *Id*. Although the plaintiffs did not execute the release, they claimed that they were entitled to severance benefits because the requisite release tendered by the employer "was much broader than what they term a 'standard release of claims'" in that it contained "a confidentiality agreement, a noncompete agreement, a

3

return of property agreement, a nondisparagement agreement, and an agreement as to injunctive relief." *Id*. The court rejected the plaintiffs' argument, finding that they were not entitled to severance benefits because they had not complied with the plain language of the contract by signing the release proffered by the employer.

Also, as explained in Mount Sinai's summary judgment reply brief (S.J. Reply Br. at 15-16), even if Mullinix was not required to execute the release agreement in the form tendered by Mount Sinai, as she claims, her breach of contract claim still fails because she indisputably failed to reasonably cooperate with Mount Sinai to enter into an alternative general release. *See* Glen Banks, N.Y. Contract Law § 11:5, at 409-10 (2006) (*citing Cable Sci. Corp. v. Rochdale Vill., Inc.*, 920 F.2d 147, 150 (2d Cir. 1990) ("where the cooperation of a party is necessary to satisfy a condition precedent . . . the party has an implied obligation to give reasonable cooperation to bring about the fulfillment of the condition").

Thus, because Mullinix failed to meet an express condition precedent under her contract for receipt of severance by not signing the release agreement that Mount Sinai tendered, the Court should reconsider its Order and dismiss Mullinix's breach of contract claim.

## CONCLUSION

For the foregoing reasons, the Court should reconsider its July 24, 2014 Order and dismiss Mullinix's breach of contract claim.

Respectfully Submitted,

Dated: New York, New York  
      August 7, 2014

PROSKAUER ROSE LLP

By: */s/ Bettina B. Plevan*  
    Bettina B. Plevan  
    Harris M. Mufson  
    Eleven Times Square  
    New York, New York  10036  
    (t) (212) 969-3065  
    (f) (212) 969-2900  
    bplevan@proskauer.com  
    *Counsel for Defendant*