David N. Mair [DM-8883]
KAISER SAURBORN & MAIR, P.C.
111 Broadway, 18th Floor
New York, New York 10006
(212) 338-9100

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
KATHLEEN MULLINIX

                       Plaintiff,

     -against-

MOUNT SINAI SCHOOL OF MEDICINE,

                       Defendant.
----------------------------------------------------------------x

12 Civ. 8659 (PKC)

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION AND REARGUMENT

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT I.
      THE COURT SHOULD ADHERE TO ITS PRIOR ORDER DENYING
      DISMISSAL OF PLAINTIFF'S BREACH OF CONTRACT CLAIM . . . . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## PRELIMINARY STATEMENT

Plaintiff, Kathleen Mullinix ("Mullinix") submits this memorandum of law in opposition to the motion by defendant, Mount Sinai School of Medicine ("Mount Sinai") for Partial Reconsideration and Reargument of the Court's July 24, 2014 Order granting in part and denying in part defendant's motion for summary judgment.

## ARGUMENT

### POINT I

### THE COURT SHOULD ADHERE TO ITS PRIOR ORDER DENYING DISMISSAL OF PLAINTIFF'S BREACH OF CONTRACT CLAIM

Mullinix's employment contract provided for her to receive severance benefits in the event she was terminated without cause in the amount of six months of "total compensation" together with six months of continuation of benefits at Mount Sinai's expense.  [Mair Decl., Ex. 32, Section IIIA]  It also provided that if she became entitled to such benefits she was required to "execute and agree to be bound by a waiver and general release of any and all claims (other than to enforce your rights to payments and benefits payable under III.A and B) arising out of or relating to your employment at Mount Sinai and termination thereof in such form as may be required by Mount Sinai."  [Mair Decl., Ex. 32, Section IV (emphasis added)]  However, the document entitled "Agreement of Settlement and Release" ('Settlement Agreement") drafted by Mount Sinai and presented to Mullinix, did not comport with the requirements of her employment contract in two fundamental respects.  [Plevan Decl., Ex. 49]

First, rather than merely providing for Mullinix to waive and release all of her legal

claims, the Settlement Agreement went considerably further and would have: (a) saddled her with one-sided confidentiality and non-disparagement obligations; and (b) prohibited her from assisting anyone else in their claims against Mount Sinai. [Plevan Decl., Ex. 49, ¶¶ 6-7]  These terms were not a condition precedent under her employment contract for Mullinix to receive severance benefits, but rather were overreaching attempts by Mount Sinai to obtain additional consideration from Mullinix to which it was not contractually entitled under the employment agreement.  Indeed, the very title of the document presented by Mount Sinai – namely a "settlement agreement" – indicated that Mount Sinai was seeking something to which it was not otherwise entitled under the terms of Mullinix's employment contract.

Second, Section III(A) of Dr. Mullinix's employment contract expressly required Mount Sinai to continue her benefits at its expense during the severance period. [Mair Decl., Ex. 32] However, the Settlement Agreement drafted by Mount Sinai failed to provide for payment of such benefits and instead provided only for her salary to be continued.  [Plevan Decl., Ex. 49, ¶ 2]  Hence, because the Settlement Agreement contained a waiver and release of all claims, had Mullinix executed the agreement she would have waived payment of any health insurance or other benefits to which she was entitled under the employment contract. This is directly contrary to the release of claims required by the employment contract which was required to carve out the severance benefits.

Accordingly, because Mount Sinai failed to provide a waiver and release that complied with the provisions of the employment contract – and instead required that Mullinix sign a "Settlement Agreement" and waive rights and benefits she was entitled to receive under the employment agreement – Mullinix had no obligation to execute the document as a condition of

2

receiving severance and benefit continuation.

All of the cases from the Second Circuit cited by Mount Sinai are fundamentally distinguishable because: (a) the releases at issue did not require the employee to waive any portion of the severance benefits to which he was entitled; and (b) the employer did not present the employee with an "overreaching" "Settlement Agreement" that required the employee to agree to additional terms unconnected to the waiver or release of legal claims. The only other case cited by Mount Sinai is the Eighth Circuit's decision in *Bender v. Excel Energy, Inc.*, 507 F.3d 1161 (8th Cir. 2007), a case decided under the federal ERISA law rather than New York law as applies to Mullinix's employment contract. The Eighth Circuit expressly held that the severance plan at issue "gives the administrator discretionary authority to interpret the plan." 507 F.3d at 1167. In this case no such discretion applies. Moreover, the employer in *Bender* did not seek a release that encompassed a portion of the very severance benefits it was required to provide.

Finally, Mount Sinai's argument that Mullinix "failed to reasonably cooperate" with Mount Sinai is equally unavailing. First, the obligation under the employment contract to provide a release of claims for Mullinix to sign was Mount Sinai's obligation in the event it wanted such a release (she was to sign a release of claims "in such form as may be required by Mount Sinai"). It failed to do so and cannot blame its own failure on Mullinix by arguing that she "failed to cooperate." Second, Mullinix did not fail to cooperate at all. Rather, she merely refused to sign a Settlement Agreement that required her to (a) give up a portion of the very severance benefits her employment contract granted her; and (b) agree to other onerous terms that formed no part of the condition precedent to her receipt of severance benefits. In sum, it was

3

Mount Sinai – not Mullinix – whose cooperation was necessary in order for Mullinix to fulfill the condition precedent and it was Mount Sinai that failed in its obligation to cooperate. Indeed, the condition precedent was only triggered at Mount Sinai's option in the event Mount Sinai decided to provide Mullinix with a conforming release.

## CONCLUSION

For all of the foregoing reasons, defendant's motion should be denied in its entirety.

Dated: New York, New York
       August 21, 2014

Kaiser Saurborn & Mair, P.C.
Attorneys for Plaintiff

By: _____/s/_____
           David N. Mair [DM-8883]
           111 Broadway, 18th Floor
           New York, New York 10006
           (212) 338-9100

4