UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
KATHLEEN MULLINIX

                      Plaintiff,

   -against-

MOUNT SINAI SCHOOL OF MEDICINE,

                      Defendant.
------------------------------------------------------------ x

No. 12 Civ. 8659 (PKC)


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION AND
<u>REARGUMENT OF THE COURT'S JULY 24, 2014 ORDER</u>**

## **TABLE OF CONTENTS**

**Page**

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bender v. Excel Energy, Inc.*,
   507 F.3d 1161 (8th Cir. 2007) ............................................................................................2

*Cable Sci. Corp. v. Rochdale Vill., Inc.*,
   920 F.2d 147 (2d Cir. 1990) ................................................................................................2

*Kaul v. Hanover Direct, Inc.*,
   148 F. App'x 7 (2d Cir. 2005) .............................................................................................1

**STATUTES**

Glen Banks, N.Y. Contract Law § 11:5 (2006) ..............................................................................2

## PRELIMINARY STATEMENT

Plaintiff Kathleen Mullinix ("Mullinix") concedes that the Court's July 24, 2014 Order overlooked a dispositive defense to her breach of contract claim that she failed to sign a release agreement, an express condition precedent to her receipt of severance. Mullinix's response ignores her unambiguous contractual obligation to "execute and agree to be bound by a waiver and general release of any and all claims . . . arising out of or relating to [her] employment with Mount Sinai and termination thereof *in such form as may be required by Mount Sinai.*" (*See* SJ Moving Br. at 23-24) (emphasis added).[1]  Her response also ignores her obligation to cooperate reasonably with Mount Sinai to enter into a release agreement. Thus, her contract claim should be dismissed.

## ARGUMENT

Mullinix claims that the release agreement tendered by Mount Sinai "went considerably further" (Pl. Br. at 2) than merely releasing her claims against Mount Sinai. However, her contract expressly granted Mount Sinai the discretion to require Mullinix to execute a release in any "form" that it desired. There is, thus, no basis for her argument in law or fact and her breach of contract claim should be dismissed.

As the Second Circuit has recognized, where, as here, the employer retained discretion over the terms and conditions governing the receipt of severance benefits and the employee failed to satisfy those conditions, the employee is not entitled to severance. *See, e.g., Kaul v. Hanover Direct, Inc.*, 148 F. App'x 7, 9 (2d Cir. 2005) ("Kaul forfeited his right to the severance

---

[1] Mount Sinai's memorandum of law in support of its motion for summary judgment dated December 20, 2013, Dkt. No. 22, is hereinafter referred to as "SJ Moving Br." Mount Sinai's memorandum of law in further support of its motion for summary judgment dated March 14, 2014, Dkt. No. 51, is hereinafter referred to as "SJ Reply Br." Mount Sinai's memorandum of law in support of its motion for reconsideration dated August 7, 2014, Dkt. No. 61 is hereinafter referred to as "Moving Br." Plaintiff's memorandum of law in opposition to Mount Sinai's motion for partial reconsideration and reargument, Dkt. No. 62, is hereinafter referred to as "Pl. Br."

package by failing to execute a general release in favor of HDI as required, as a condition precedent to receiving severance benefits, by his employment agreement").

Furthermore, contrary to Mullinix's contention, *Bender v. Excel Energy, Inc.,* 507 F.3d 1161, 1170-71 (8th Cir. 2007) is instructive because the Eighth Circuit rejected the same argument that Mullinix advances here. And, like the employer in *Bender*, Mount Sinai retained absolute discretion to determine the form of its release agreement that was the condition for receiving severance.

Even *assuming arguendo* that Mullinix was not required to execute the release agreement in the form tendered by Mount Sinai, Mullinix's contract claim still fails because she did not satisfy her obligation to cooperate reasonably with Mount Sinai to enter into a substitute release agreement. Mullinix's contention that "it was Mount Sinai – not Mullinix – whose cooperation was necessary in order for Mullinix to fulfill the condition precedent," (Pl. Br. at 3-4) is a striking mischaracterization of the law. As a party to the contract, Mullinix had an obligation to cooperate reasonably with Mount Sinai to fulfill the condition precedent for the payment of her severance benefits. *See* Glen Banks, N.Y. Contract Law § 11:5, at 409-10 (2006) (citing *Cable Sci. Corp. v. Rochdale Vill., Inc.*, 920 F.2d 147, 150 (2d Cir. 1990) ("where the cooperation of a party is necessary to satisfy a condition precedent . . . the party has an implied obligation to give reasonable cooperation to bring about the fulfillment of the condition")).

Mullinix indisputably failed to meet her obligation because she never: (i) objected to the terms of Mount Sinai's release agreement; (ii) proposed alternative language; or (iii) sent Mount Sinai a substitute version of the agreement. Mullinix thus cannot now claim that the terms of the release agreement tendered were deficient. Accordingly, her breach of contract claim should be dismissed.

## **CONCLUSION**

For the foregoing reasons and those set forth in Mount Sinai's moving papers, the Court should reconsider its July 24, 2014 Order and dismiss Mullinix's breach of contract claim.

                                                                  Respectfully Submitted,

Dated: New York, New York          PROSKAUER ROSE LLP
       September 2, 2014

                                           By:  */s/ Bettina B. Plevan*
                                                    Bettina B. Plevan
                                                    Harris M. Mufson
                                                    Eleven Times Square
                                                    New York, New York  10036
                                                    (t) (212) 969-3065
                                                    (f) (212) 969-2900
                                                    bplevan@proskauer.com
                                                    *Counsel for Defendant*