```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KATHLEEN MULLINIX,

                        Plaintiff,              12-cv-8659 (PKC)

        -against-                                MEMORANDUM
                                                 AND ORDER

MOUNT SINAI SCHOOL OF MEDICINE,

                        Defendant.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

Defendant Mount Sinai School of Medicine moves for partial reconsideration of this Court's Memorandum and Order of July 24, 2014 ("July Order"). Mullinix v. Mount Sinai Sch. of Med., 12-cv-8659, 2014 WL 3687217 (S.D.N.Y. July 24, 2014). Specifically, Mount Sinai seeks reconsideration of the Court's denial of summary judgment as to plaintiff Kathleen Mullinix's claim for breach of contract.

Mullunix alleged that Mount Sinai breached its contractual obligation to pay Mullinix severance. In its July Order, this Court denied Mount Sinai's motion for summary judgment as to Mullinix's breach of contract claim, noting that, "[w]ithout reviewing Mullinix's job description, the Court is unable to determine whether removal of Mullinix's duties as director was a material change to her duties, such that it would constitute a breach of the agreement." Id. at *20. This conclusion was based on the fact that Mount Sinai had not provided the Court with Mullinix's job description in support of its motion for summary judgment. Id.

Mount Sinai contends that this Court should have granted it summary judgment on its alternative argument: that Mullinix failed to comply with the contractual condition precedent to Mount Sinai's obligation to pay severance—the execution of an agreement releasing

claims against the hospital.  (Def. Support of Motion for Reconsideration, p. 1.)  Mullinix counters that she had no obligation to execute Mount Sinai's proposed agreement as a condition of receiving severance because "Mount Sinai failed to provide a waiver and release that complied with the provisions of the employment contract."  (Pl. Opposition to Motion for Reconsideration, "Pl. Opp.," pp. 2-3.)

Upon reconsideration, and for reasons that will be explained, Mount Sinai's motion for reconsideration is granted.  The Court concludes that Mullinix's failure to sign a severance agreement or explain her reason for not doing so, which would have enabled Mount Sinai to meet her objection, extinguishes her breach of contract claim.

I. Background

Mullinix's employment contract with Mount Sinai provided that if she were terminated without cause during the initial term of her contract, she would receive severance payments and benefits for the longer of the remainder of the initial term of her contract or six months from the effective date of her termination.  (Plevan Decl. Ex. 17 at D 00099, § III(A).)  Mullinix claims that Mount Sinai breached her employment contract by not providing her with these severance benefits during the six-month period after the date of termination.  (Pl. Opp. to Def. Motion for Sum. J., pp. 25-26.)  The employment contract states:

> [I]f you become entitled to any payments pursuant to paragraph III. A. or B. hereof, as a condition of receiving such amounts, you shall execute and agree to be bound by a waiver and general release of any and all claims (other than to enforce your rights to payments and benefits payable under paragraph III.A. and B.) arising out of or relating to your employment with Mount Sinai and termination thereof in such form as may be required by Mount Sinai.

(Plevan Decl. Ex. 17 at D 00101, § IV.)  Thus, "a condition of receiving such amounts [as severance]" was the "execut[ion] and agree[ment] to be bound by a waiver and general release . . . in such form as may be required by Mount Sinai."  (Id.)

On April 13, 2012, Teri Willey, of Mount Sinai, sent Mullinix a proposed agreement containing a waiver and release of all claims against Mount Sinai relating to her employment and termination.  (Pl. 56.1 ¶ 149.)  The proposed agreement states that Mullinix had "at least twenty-one (21) days to review, to consider, or to negotiate the terms of the Agreement and [could take] as much time as she wished prior to signing the Agreement." (Plevan Decl. Ex. 49 at D00301-02, ¶ 8.)  Mullinix did not execute the agreement nor did she propose alternative terms.

After this Court denied Mount Sinai's motion for summary judgment as to Mullinix's breach of contract claim, Mount Sinai filed a motion for reconsideration on August 7, 2014, urging the Court to reconsider the argument that Mount Sinai had no obligation to pay severance because Mullinix failed to fulfill the condition precedent of singing a severance agreement.  (Doc. 60.)

II. Standard of Review

Motions for reconsideration are governed by Local Civil Rule 6.3 and Rule 60(b), Fed. R. Civ. P.  A motion to reconsider is "addressed to the sound discretion of the district court."  See Mendell ex rel. Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990).  Such motions are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (citation omitted).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id.  Motions for reconsideration "should be granted only

when the defendant identifies an intervening change of law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quotation marks and citation omitted).

III. Discussion

When a party's duty to perform is conditioned upon the occurrence of some event, the party's "contractual obligation does not arise if that event does not occur." See Cauff, Lippman & Co. v. Apogee Fin. Grp., Inc., 807 F. Supp. 1007, 1022 (S.D.N.Y. 1992). Specifically, when payment of termination benefits is contingent upon execution of a separation agreement, and the plaintiff does not sign the agreement, the plaintiff is not eligible to receive termination benefits. Olorode v. Streamingedge Inc., 11-cv-6934, 2014 WL 3974581, at *2 (S.D.N.Y. Aug. 13, 2014) (adopting Report and Recommendation) (dismissing plaintiff's breach of contract claim because "payment of any termination benefits was contingent upon Plaintiffs [sic] execution of the Separation Agreement" and "[b]ecause Plaintiff did not sign the Agreement, he was not eligible to receive any termination benefits"); see also Kaul v. Hanover Direct, Inc., 148 F. App'x 7, 9 (2d Cir. 2005) (Plaintiff "forfeited his right to the severance package by failing to execute a general release in favor of [defendant] as required, as a condition precedent to receiving severance benefits, by his employment agreement."); Cloke-Browne v. Bank of Tokyo-Mitsubishi UFJ Ltd., 10-cv-2249, 2011 WL 666187, at *3 (S.D.N.Y. Feb. 9, 2011).

However, pursuant to New York's prevention doctrine, "a party to a contract cannot rely on the failure of another to perform a condition precedent where he has frustrated or prevented the occurrence of the condition." Ferguson v. Lion Holding, Inc., 478 F. Supp. 2d

455, 469 (S.D.N.Y. 2007) clarified on denial of reconsideration, 02-cv-4258, 2007 WL 2265579 (S.D.N.Y. Aug. 6, 2007) (quoting Kooleraire Serv. & Installation Corp. v. Bd. of Ed. of City of N.Y., 28 N.Y.2d 101, 106 (1971)).  The New York Court of Appeals has explained prevention as follows:

> A condition precedent is linked to the implied obligation of a party not to do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.  Thus, it is a well-settled and salutary rule that a party cannot insist upon a condition precedent, when its non-performance has been caused by himself.

A.H.A. Gen. Const., Inc. v. N.Y.C. Hous. Auth., 92 N.Y.2d 20, 31 (1998) (internal quotation marks and citations omitted).  The condition is to be deemed satisfied or excused if the party relying on the non-occurrence of the condition precedent "was instrumental in preventing or frustrating its occurrence."  Ixe Banco, S.A. v. MBNA Am. Bank, N.A., 07-cv-0432, 2009 WL 3124219, at *4 (S.D.N.Y. Sept. 29, 2009) (quoting Merzon v. Lefkowitz, 289 A.D.2d 142, 143 (1st Dep't 2001)).

The prevention doctrine is grounded in New York's implied covenant of good faith and fair dealing, which "requires a promisor to reasonably facilitate the occurrence of a condition precedent by either refraining from conduct which would prevent or hinder the occurrence of the condition, or by taking positive action to cause its occurrence."  Cauff, 807 F. Supp. at 1022 (holding that defendant breached its duty of good faith and fair dealing when it refused to negotiate the terms of a financing commitment, the execution of which was a condition precedent to the completion of a transaction); see also Westerbeke Corp. v. Daihatsu Motor Co., 304 F.3d 200, 212 (2d Cir. 2002).  A party who renders the performance of a condition precedent impossible cannot then take advantage of the non-performance of that condition precedent.  See Westerbeke, 304 F.3d at 212 (citing Stern v. Gepo Realty Corp., 289 N.Y. 274, 277 (1942)).

Here, Mullinix contends that Mount Sinai "failed in its obligation to cooperate" in bringing about the condition precedent and cannot now "blame its own failure on Mullinix." (Pl. Opp., pp. 3-4.) Mullinix argues that the condition precedent was excused by Mount Sinai's inclusion of material terms in the proposed agreement not contemplated by her employment agreement. (Id. at 2-3.) Specifically, in addition to a waiver and release of claims, Mullinix claims the proposed agreement, (a) "saddled her with one-sided confidentiality and non-disparagement obligations;" (b) "prohibited her from assisting anyone else in their claims against Mount Sinai;" and (c) failed to provide for her benefits at its expense during the severance period. (Id. at 2.)

This Court agrees that the proposed agreement added material terms not required by the original employment agreement. For this reason, Mullinix was not required to sign the proposed agreement as tendered. However, it does not follow that the condition was excused. Mullinix never informed Mount Sinai that, in her view, the proposed agreement was noncompliant with the original employment agreement. The proposed agreement explicitly provided that Mullinix had twenty-one days to review and negotiate the terms of the agreement. (Plevan Decl. Ex. 49 at D00301-02, ¶ 8.) Mullinix made no effort to determine whether Mount Sinai was willing to negotiate the terms of the agreement and she has made no showing that such an effort would have been futile. She could have discussed removing the offending provisions and including provisions which would have continued her benefits, as provided in her employment contract. She chose not to do so and instead sued Mount Sinai for breach of contract. That Mount Sinai offered Mullinix an agreement with additional material terms does not alone amount to a frustration or a prevention of the condition precedent or a breach of the

duty of good faith and fair dealing, particularly in light of the fact that the proposed agreement expressly informed Mullinix that Mount Sinai would negotiate the terms.

Performance of a duty subject to a contractual condition precedent only becomes due if the condition occurs or the condition is excused.  <u>MHR Capital Partners LP v. Presstek, Inc.</u>, 12 N.Y.3d 640, 645 (2009).  In order to receive the severance benefits promised in the employment contract, Mullinix was obligated to sign a severance agreement.  Because she did not sign the agreement, and the condition was not excused by Mount Sinai's actions, Mullinix was not entitled to the severance payments and benefits.

CONCLUSION

For the foregoing reasons, defendant's motion for partial reconsideration (Doc. 60) is GRANTED and summary judgment is granted to defendant dismissing plaintiff's claim for breach of contract.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       January 23, 2015